Filed 1/22/15  In re Christian R. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re CHRISTIAN R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CHRISTIAN R.,<br><br>    Defendant and Appellant. | G048987<br><br>(Super. Ct. No. DL042694)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Richard Y. Lee, Judge.  Affirmed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

## 1.

### Introduction

A Santa Ana police officer, serving as the school resource officer at Santa Ana High School, searched the backpack of student Christian R. (the Minor) and found inside a black ink permanent marker and "slap tags" (adhesive stickers used for graffiti). After denying the Minor's motion to suppress this evidence, the juvenile court found to be true beyond a reasonable doubt allegations that the Minor was in possession of graffiti tools in violation of Penal Code section 594.2, subdivision (a) and declared the Minor to be a ward of the court.

The Minor appeals from the dispositional order. He argues the juvenile court erred by denying his motion to suppress because the police officer did not have reasonable suspicion to search his backpack. We disagree and affirm.

## 2.

### Facts

On February 22, 2012, Edward Rios, a substitute district safety officer at Santa Ana High School, noticed "some type of graffiti" on the Minor's backpack. Rios believed he had seen the letters "D-O-E" on the backpack and remembered seeing graffiti or "slap tags" around the school campus with the words "DOE" or "DOE KRU." A slap tag is a sticker or adhesive label that "taggers" use to quickly put up graffiti. Rios took photographs of the graffiti or slap tags around campus, which, he believed, resembled the lettering on the Minor's backpack.

Rios escorted the Minor to the office of Santa Ana Police Officer Anne Pliska, the school resource officer. Pliska noticed the Minor's backpack had lettering on it which was similar in style to graffiti she had seen on school grounds. The school has a policy against defacing property. Graffiti is not tolerated, and school policy calls for searching a student's backpack if it has graffiti-style markings on it.

The school's assistant principal, Thomas Hummel, who was present in Pliska's office, instructed Pliska to search the Minor's backpack. She conducted a search and, inside the backpack, found a black ink permanent marker and slap tags.

## 3.

## Procedural History

In June 2012, a two-count petition was filed to declare the Minor a ward of the court. Count 1 alleged possession of graffiti tools, and count 2 alleged possession of tobacco in violation of Penal Code section 308, subdivision (b). The juvenile court ordered the Minor placed in a program of informal probation under Welfare and Institutions Code section 654 for a period of six months. After the Minor failed to complete the ordered community service, the court terminated informal probation and set the matter for trial.

In August 2013, the Minor moved to suppress the evidence seized from his backpack during the search conducted by Pliska. After hearing testimony from Rios, Pliska, Hummel, and the Minor, the juvenile court denied the motion to suppress. The court denied the Minor's motion under Welfare and Institutions Code section 701.1, to dismiss count 1, and granted the motion to dismiss count 2.

The juvenile court found the allegations of count 1 to be true beyond a reasonable doubt and ordered the Minor declared a ward of the court under Welfare and Institutions Code section 602. The Minor timely appealed from the dispositional order.

## 4.

## Standard of Review

"'The standard of appellate review of a trial court's ruling on a motion to suppress is well established. We defer to the trial court's factual findings, express or implied, where supported by substantial evidence. In determining whether, on the facts

3

so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment.'" (*People v. Maury* (2003) 30 Cal.4th 342, 384.) In considering a motion to suppress evidence, the trial court "is vested with the power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence and draw factual inferences in deciding whether a search is constitutionally unreasonable. [Citation.]" (*People v. Woods* (1999) 21 Cal.4th 668, 673.)

**5.**

**Discussion**

The prohibition on unreasonable searches and seizures by the Fourth Amendment to the United States Constitution applies to searches of students conducted by public school officials. (*New Jersey v. T .L .O.* (1985) 469 U.S. 325, 333.) The student's interest in privacy must be weighed against the "substantial interest" of public school officials "in maintaining discipline in the classroom and on school grounds." (*Id.* at p. 339.) Thus, the search of a student "does not require strict adherence to the requirement that searches be based on probable cause to believe that the subject of the search has violated or is violating the law." (*Id.* at p. 341.)

The United States Supreme Court standard is reasonableness under the circumstances: "Under ordinary circumstances, a search of a student by a teacher or other school official will be 'justified at its inception' when there are reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school. Such a search will be permissible in its scope when the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction." (*New Jersey v. T. L. O.*, *supra*, 469 U.S. at pp. 341-342, fns. omitted.)

The California Supreme Court has expressed an "articulable facts" standard: "[S]earches of students by public school officials must be based on a

4

reasonable suspicion that the student or students to be searched have engaged, or are engaging, in a proscribed activity (that is, a violation of a school rule or regulation, or a criminal statute). There must be articulable facts supporting that reasonable suspicion. . . . [¶] In sum, this standard requires articulable facts, together with rational inferences from those facts, warranting an objectively reasonable suspicion that the student or students to be searched are violating or have violated a rule, regulation, or statute." (*In re William G.* (1985) 40 Cal.3d 550, 564.)[1]

After considering the evidence and counsel's argument, the juvenile court found, "in looking at all of the witness' testimonies together, I think petitioner has done enough to demonstrate that there was a reasonable basis within the confines of the [*New Jersey v. T. L. O.*] decision for the search of the backpack." Substantial evidence supported the juvenile court's finding. The evidence established there were reasonable grounds for suspecting a search of the Minor's backpack would turn up evidence that the Minor had violated the law and school rules. Rios testified he noticed the Minor's backpack had lettering similar to graffiti he had seen on campus, recalled the backpack had the letters "D-O-E" on it, and took photographs of graffiti or slap tags with the words "DOE" or "DOE KRU" from around campus. Those photographs were received in evidence. Hummel testified that graffiti and slap tags were a common problem and

---

[1] Since the passage of Proposition 8 and its amendment of article I, section 28, subdivision (d), of the state Constitution, state and federal claims regarding the admissibility of evidence obtained by an allegedly improper search or seizure are measured under the same standard. (*People v. Camacho* (2000) 23 Cal.4th 824, 830.) Our state Constitution thus forbids the courts to order the exclusion of evidence at trial as a remedy for an unreasonable search and seizure unless that remedy is required by the federal Constitution as interpreted by the United States Supreme Court. (*People v. McKay* (2002) 27 Cal.4th 601, 608.) To the extent *In re William G.*, *supra*, 40 Cal.3d 550, would require exclusion and *New Jersey v. T. L .O.* would not, we must follow the latter case.

against school policy. Pliska noticed the Minor's backpack had lettering on it that was similar in style to graffiti she had seen on school grounds. We conclude those facts, and the rational inferences drawn from them, provided "reasonable grounds for suspecting" (*New Jersey v. T. L. O.*, *supra*, 469 U.S. at p. 342), or an "objectively reasonable suspicion" (*In re William G.*, *supra*, 40 Cal.3d at p. 564), for believing the Minor's backpack might have graffiti tools inside.

The Minor argues that Pliska's testimony does not support a finding of an articulable suspicion because, during cross-examination, Pliska was not able to describe the Minor's backpack or the lettering on it. She testified she could not recall "what the graffiti was . . . [¶] . . . [¶] . . . that was on his backpack." Pliska's testimony that the lettering on the Minor's backpack was in a style similar to graffiti she had seen on campus was sufficient. The Minor's challenges to Pliska's testimony go to credibility and weight. The juvenile court found Pliska, as well as Rios and Hummel, to be candid and credible witnesses.

The Minor also argues the lettering on his own backpack did not constitute graffiti under Penal Code section 594, subdivision (e), and no school policy prohibits students from writing on their own property. The issue is not whether the writing on the Minor's backpack constituted a crime in itself but whether there were reasonable grounds for suspecting that *the search* would turn up evidence that the student had violated or was violating either the law or school rules.

The juvenile court also found the search of the Minor's backpack was "conducted in a manner that was reasonably related in scope to the circumstances which justify the interference." Substantial evidence supported that finding. The search was conducted in Pliska's office with a school official present. Only the Minor's backpack was searched.

## 6.

### Disposition

The dispositional order is affirmed.


FYBEL, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


THOMPSON, J.